## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**BETTY E. SMITH,**

    **Plaintiff,**   :

  v.                                  Case No. 2:19-cv-464
                                         Judge Sarah D. Morrison
                                         Magistrate Judge Vascura

**HPR CLINIC, LLC,** *et al.***,**   :

    **Defendants.**

### OPINION AND ORDER

This matter is before the Court on the Defendants' Motion to Enforce Settlement Agreement. (Mot. to Enforce Settlement, ECF No. 57.) Plaintiff has responded. (Resp. in Opp'n, ECF No. 58.) The matter is now ripe for consideration. For the reasons set forth below, Defendants' Motion is **GRANTED**.

### I. BACKGROUND

On February 12, 2019, Plaintiff Betty E. Smith brought this action, on behalf of Dr. Paul C. Smith, against Defendants HPR Clinic, LLC, Harry Nguyen, M.D., and Ryan Fryman, M.D. for alleged violations of the Fourteenth Amendment, the Employment Retirement Income Security Act of 1974, and Ohio Revised Code § 1705.22 (ECF No. 1, ¶¶ 1, 5.) After notifying the Court that a settlement agreement had been reached during a Court-facilitated mediation (*see* ECF No. 28), the parties filed an Agreed Order requesting that the Court "appoint an expert to appraise the value of HPR Clinic, LLC." (ECF No. 32.) In that Agreed Order, the parties agreed to provide the Court with names, CVs, and hourly rate schedules of

two experts per side, from among whom the Court would make an appointment. (*Id.*) Based on the information provided by the parties, the Court determined that Rebekah A. Smith, CPA, CFF, CVA, MAFF was the most qualified person to perform the valuation. (ECF No. 33.) The parties did not object to the Court's selection.

The parties further agreed that the appointed expert's valuation would "be binding on all of the parties." (ECF No. 32, ¶¶ 4–7.) Ms. Smith's expert report was provided to the Court and the parties on April 13, 2020. (ECF No. 44.) Pursuant to the Agreed Order, the Court directed the parties to file a dismissal entry within 30 days. (*Id.*)

Plaintiff then filed a Motion to Reject Valuation and Response to the Court's Show Cause Order, arguing that Ms. Smith's report should be "rejected" under the provisions of Federal Rules of Evidence 702 and 706. (ECF No. 49.) On May 19, 2020, the Court denied Plaintiff's Motion stating:

> While the Court is the gatekeeper regarding expert testimony, this case never went to trial. Instead the parties reached a settlement agreement where they explicitly agreed to be bound by the evaluation of an expert proposed by the parties and selected by the Court. (¶ 7, ECF No. 32) The Agreed Order did not provide for an exception if one side did not agree with the expert's methodology or the ultimate outcome of the report. "[A] settlement agreement is a contract, and as such, is enforceable under contract law principles." *Echols v. Williams*, 267 F. Supp. 2d 865, 867 (S.D. Ohio 2003). Plaintiff is not entitled to repudiate the settlement agreement because she is unhappy with Ms. Smith's conclusion or because Ms. Smith did not take into account information Plaintiff believes is crucial to the evaluation. *Id.* ("There is no basis to rescind a contract in the mere . . . regret of having agreed to its terms.").

(May 19 Order, ECF No. 52, at 2–3.)

2

Plaintiff appealed the May 19 Order and the Sixth Circuit Court of Appeals affirmed. (*See* ECF No. 56.)

## II.  ENFORCEMENT OF THE SETTLEMENT AGREEMENT

Defendants now ask the Court to enforce the parties' settlement agreement. (Mot. to Enforce Settlement.) Plaintiff opposes the Motion. (Resp. in Opp'n.) Her opposition essentially re-hashes the argument made in her earlier Motion to Reject Valuation and Response to the Court's Show Cause Order. (*Compare* Resp. in Opp'n *with* ECF No. 49.)

Settlement agreements are a type of contract, enforceable by either party. *Cont'l W. Condo. Unit Owners Assoc. v. Howard E. Ferguson, Inc.*, 660 N.E.2d 431, 432 (Ohio 1996) (citing, *inter alia*, *Spercel v. Sterling Indus.*, 285 N.E.2d 324, 325 (Ohio 1972)). Generally, a district court has the authority and discretion to rule on a motion to enforce an agreement in settlement of litigation pending before it. *See, e.g., Newman v. Gaudet*, No. 1:06-cv-614, 2007 WL 9734375, at *2 (S.D. Ohio Feb. 1, 2007) (citing, *inter alia*, *Re/Max Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001)).

In Ohio, a valid contract requires "a meeting of the minds as well as an offer and acceptance." *Smith v. ABN AMRO Mortg. Grp., Inc.*, 434 F. App'x 454, 460 (6th Cir. 2011) (quoting *Rulli v. Fan Co.*, 683 N.E.2d 337, 338 (Ohio 1997) (syllabus)). The Sixth Circuit has explained:

> Ohio law does not require contracting parties to share a subjective meeting of the minds to establish a valid contract; otherwise, no matter how clearly the parties wrote their contract, one party could escape its requirements simply by contending that it did not understand them at the time. What it does require is that the terms of the agreement

3

> establish an objective meeting of the minds, which is to say that the contract was clear and unambiguous.

*216 Jamaica Ave., LLC v. S & R Playhouse Realty Co.*, 540 F.3d 433, 440 (6th Cir. 2008) (citations omitted). A party may not avoid its obligations under a settlement agreement simply by experiencing a change of heart or mind. *See, e.g.,Tsakanikas v. Nationstar Mrtg., LLC*, No. 2:12-cv-176, 2013 WL 3155777, at *3 (S.D. Ohio June 20, 2013) ("[H]indsight regrets will not suffice to unilaterally reopen or throw out concluded negotiations."); *Spercel*, 285 N.E.2d at 327 ("To permit a party to unilaterally repudiate a settlement agreement would render the entire settlement proceedings a nullity, even though, as we have already determined, the agreement is of binding force.").

Here, Defendants argue that the parties entered into a valid and enforceable settlement agreement, the terms of which are clear and unambiguous. In response, Plaintiff again argues that Ms. Smith's evaluation did not "satisfy the standard required under Rule 706 and therefore did not satisfy an implicit term of the parties' agreement." (Resp. in Opp'n, 2.) Plaintiff not only requests that this Court deny Defendants' motion, but that it also vacate the Sixth Circuit's Panel Opinion (*id.*)—an act axiomatically beyond this Court's power, *see Hall v. Eichenlaub*, 559 F. Supp. 2d 777, 781–82 (E.D. Mich. 2008) (citations omitted).

As this Court and the Sixth Circuit have already held: Plaintiff entered into a valid and enforceable settlement agreement—neither its existence nor its material terms can reasonably be disputed, and this Court may properly enforce its terms.

Defendants' Motion to Enforce the Settlement Agreement is **GRANTED**. The parties are **ORDERED** to perform in accordance with their settlement agreement.

### III. DEFENDANTS' REQUEST FOR ATTORNEY'S FEES

Defendants also request that the Court award them attorney's fees. (*See* Mot. to Enforce Settlement.) In doing so, they acknowledge that the settlement agreement does not contemplate fee shifting. (*Id.*, 11.) They argue instead that the Court should assess attorney's fees pursuant to its inherent powers to guard against litigation in bad faith. (*Id.*, 12.) In response, Plaintiff argues that her continued failure to comply with the settlement agreement is "based upon a good faith argument concerning the operation of Rule 706." (Resp. in Opp'n, at 2.)

Generally, each party must bear their own attorney's fees "in the absence of statutory authorization." *Ray A. Scharer & Co. v. Plabell Rubber Prod., Inc.*, 858 F.2d 317, 320 (6th Cir. 1988) (citation omitted). This general rule "does not apply, however, where a party or counsel have acted in bad faith in the instigation or conduct of litigation, and in those circumstances, the court has the inherent authority to assess an award of attorney's fees against either the litigant or his attorney." *Id.* "[T]he district court's inherent authority to impose a monetary sanction applies equally to parties and their attorneys." *Id.* at 321.

However, "[a]n award of attorney's fees . . . is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Id.* at 320. "The mere fact that an action is without merit does not amount to bad faith." *Smith*, 434 F. App'x at 468 (internal quotation and alternation omitted). *See also Allstate Ins. Co. v. Tricare Mgmt. Activity*, 662 F. Supp. 2d 883, 895 (W.D. Mich. 2009) ("Sanctions are not

5

available to punish people simply for advancing arguments that are unlikely to succeed"). "In order for a court to find bad faith sufficient for imposing sanctions under its inherent powers, the court must find *something more* than that a party knowingly pursued a meritless claim or action at any stage of the proceedings." *Smith*, 434 F. App'x at 468 (emphasis in original) (internal quotation and alteration omitted). "A court imposing sanctions under its inherent powers may consider the nature and timing of the actions that led to a finding of bad faith in determining whether to impose sanctions on conduct from that point forward, or instead to infer that the party's bad faith extended back in time . . . ." *BDT Prods., Inc. v. Lexmark Intern., Inc.*, 602 F.3d 742, 753 n.6 (6th Cir. 2010).

The Court concludes that Plaintiff's opposition to the instant Motion to Enforce Settlement Agreement constitutes bad faith. Her conduct in the continued attempt to avoid the settlement agreement—merely recycling argument that has been rejected by this Court and the Circuit Court, both of which found that Plaintiff entered into a valid and enforceable settlement agreement—has no colorable basis, is taken in bad faith, and unnecessarily multiplies the proceedings so as to increase costs unreasonably and vexatiously. In light of this Court's May 19 Order and the Sixth Circuit's Panel Opinion, Plaintiff is undoubtedly aware that her continued arguments are no more than a waste of the time and resources of the Defendants, all involved counsel, and this Court.

Accordingly, Defendants' request for sanctions is **GRANTED**. Defendants are hereby awarded sanctions against Plaintiff and her counsel in the to-be-determined

amount of reasonable attorney's fees that Defendants incurred to file the instant Motion to Enforce the Settlement Agreement. Defendants are **DIRECTED** to file evidence of their attorney's fees **within 14 days of the date of this Order**.

## IV.     CONCLUSION

For the reasons set forth above, Defendants' Motion to Enforce Settlement Agreement (ECF No. 57) is **GRANTED**. The parties are **ORDERED** to perform in accordance with their settlement agreement.

Defendants' request for sanctions is **GRANTED**. Defendants are **DIRECTED** to file evidence of attorney's fees incurred to file the instant Motion to Enforce the Settlement Agreement **within 14 days of the date of this Order**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**